UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

IN RE:
THOMAS S. DAVIES                    B-18-11116 B

Debtor(s)

SIR OR MADAM: Take notice that an ORDER, of which the within is a copy, submitted in the within entitled action for the signature of the Bankruptcy Judge on  AUG - 7 2018 and to be entered in the Clerk's Office of the United States Bankruptcy Court, Western District of New York immediately upon such signing.

Please read the Order carefully and be certain that you fully understand its terms. Pay special attention to the provisions specifying the amount to be paid by the debtor to the Trustee (please note that the payments called for by the plan should already have begun and must continue until further notification from this office); the percentage to be repaid to the unsecured category of creditors; and the claims that are listed as secured up to the amount set forth next to them.

If any portion of this Order is not in accord with your understanding of the case, you should seek to vacate the Order at once, bearing in mind that under the Federal Rules an order is final ten days after its date of entry. (If you call the Trustee's office at once, it is even possible you might be able to intercept the Order before it is signed and entered in the Court).

It is suggested that any debtor who questions any aspect of this Order first contact his attorney to discuss the potential problem with counsel prior to making formal objection. However, if counsel cannot be reached or if for any reason the debtor desires to take immediate action, this suggestion should in no way be construed as denigrating

debtor's right to object personally to any portion of the Order.

Attorneys especially should note, <u>inter alia</u>, that if a judgment creditor is listed as "unsecured" because the judgment lien would impair the exemption in real property to which the debtor is otherwise entitled or because the judgment is for any other reason voidable, it is incumbent upon debtor's attorney to make formal written motion before the Court to avoid such lien under 11 USC 522(f)(1) or other applicable Code section. Failure to do so will mean that the lien will survive the ultimate discharge in the case.

Please note further that in about three to four months you will be receiving a "Motion to Allow Claims" and "Order Approving Claims" (hereinafter the "Motion") which will set forth in greater detail the claims that have been filed and the proposed method of paying such claims. It is imperative that you review the Motion carefully and be satisfied that the claims are being paid in accordance with your understanding of the Chapter 13 Plan. If you feel that a claim is not properly listed, it is the responsibility of the debtor and/or attorney to make formal objection to the pertinent portion of the Motion, or in the alternative, to file a claim on behalf of a creditor who has not done so. (An explanatory memo fully delineating the responsibilities of debtor and counsel with regard to the Motion is available upon request from the Chapter 13 Trustee's Office.)

                                            ALBERT J. MOGAVERO
                                            CHAPTER 13 TRUSTEE
                                            U.S. BANKRUPTCY COURT
                                            WESTERN DISTRICT OF NEW YORK
                                            BUFFALO, NY 14202

TO: Debtor(s)
      Attorney

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

---

IN RE

THOMAS S. DAVIES

Debtor(s)

ORDER CONFIRMING
CHAPTER 13 PLAN

B -18-11116 B

---

A Petition, Plan, Statement, Schedule of Exempt Property and other required forms and schedules were filed by the Debtor(s) under Chapter 13 of the Bankruptcy Code, and a meeting of creditors has been conducted upon due notice pursuant to Title 11, United States Code, Section 341, at which the Chapter 13 Trustee, the Debtor(s) and the attorney for the Debtor(s) were present and creditors or representatives of creditors were afforded an opportunity to be heard.

A hearing on confirmation of the Plan has been held upon due notice pursuant to Title 11, United States Code, Section 1324 on Aug 7, 2018 . The Court has heard and determined all objections to the confirmation and to the Debtor's(s') Schedule of Exempt Property and has considered the plan as proposed or modified, the Trustee's Report and the testimony of the Debtor(s).

The Court, therefore, finds:

(1) As modified by this Order, the Plan complies with the provisions of Chapter 13, Title 11, United States Code, and other applicable provisions of Title 11;
(2) All fees, charges or amounts required under Chapter 123 of Title 28, or by the Plan, to be paid before confirmation have been paid;
(3) The Plan has been proposed in good faith [the Court having considered the standards set forth In Re Johnson (1983, CA 2 NY) 708 Fed 2d 865] and not by any means forbidden by law;
(4) The value, as of the effective date of the Plan, of property to be distributed under the Plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the Debtor(s) were liquidated under Chapter 7 of Title 11 on such date;
(5) With respect to each allowed secured claim provided for by the Plan:
    (A) The holder of each such claim has accepted the Plan; or
    (B)(i) The Plan provides that --
        (I) The holder of such claim retain the lien securing such claim until the earlier of -
            (aa) the payment of the underlying debt determined under nonbankruptcy law; or
            (bb) discharge under section 1328; and
        (II) If the case under this chapter is dismissed or converted without completion of the plan, such lien shall also be retained by such holder to the extent recognized by applicable nonbankruptcy law;
        (ii) The value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim; and
        (iii) If the holder of the claim is secured by personal property, the amount of such payments shall not be less than an amount sufficient to provide to the holder of such claim adequate protection during the period of the plan; or
    (C) The Debtor(s) has agreed to surrender the property securing such claim to the holder thereof;
(6) The Debtor(s) will be able to make all payments under the Plan to comply with the Plan;
(7) The debtor has paid all amounts that are required to be paid under a domestic support obligation and that first become payable after the date of the filing of the petition if the debtor is required by a judicial or administrative order, or by statute, to pay such domestic support obligation;
(8) The debtor has filed all applicable Federal, State, and local tax returns as required by section 1308;
(9) There are presently pending no objections to confirmation of the Plan or the Debtor's(s') Schedule of Exempt Property; and
(10) The Debtor(s) have consented and agreed to such modifications or changes to its original plan as are incorporated into this Order.

It is, accordingly, ORDERED that:

(1) The Debtor's(s') Plan under Chapter 13 of the Bankruptcy Code is hereby confirmed, but only to the extent that it is not modified or changed by this Order. In the event of a conflict between the Plan and this Order, the terms of this Order shall control.

(2) Except for emergency medical or hospital care, the Debtor(s) shall not incur any new debts over $250.00 outside the ordinary course of the Debtor's(s') financial affairs or business without the prior approval of the Trustee unless such prior approval is impracticable and therefore cannot be obtained; approval of the Court is not required.

(3) Except as provided by specific Order of the Court or pursuant to Section 3.5 of the debtor's(s') plan, all entities are and continue to be subject to the provisions of 11 U.S.C. § 362 and 11 U.S.C. § 1301. To the extent provided by these sections, all entities are stayed or enjoined from commencing or continuing any proceeding or matter, or taking any actions against the Debtor(s), the Debtor's(s') estate, or any co-debtor.

The provisions of the Plan bind the Debtor(s) and each creditor, whether or not the claim of such creditor is provided for by the Plan, and whether or not such creditor has objected to, has accepted, or has rejected the Plan.

(4) Albert J. Mogavero is appointed Trustee of the said estate.

(5) The debtor(s) shall forthwith and until further order of the Court make regular payments to the trustee as follows:

$ **4250** per **month** until the plan is completed.

In addition to the periodic payments identified above, the debtor(s) shall make the additional payment(s) to the trustee from the sources specified below:

The above schedule of payments shall supersede any inconsistent provision in part 2 of the Debtor's(s') plan as originally proposed.

(6) A fee of $ **3200** is allowed the attorney for the Debtor(s) herein for all services rendered in connection with this Plan, except as otherwise ordered and allowed by the Court.

(7) From the Debtor's(s') funds, the Trustee is directed to make payments in the following order.
  (a) Filing fee to the Clerk, U.S. Bankruptcy Court (if unpaid);
  (b) Retain at all times sufficient funds to pay all other accrued administrative expenses;
  (c) The unpaid balance of the above-described fee to the Debtor's(s') attorney;
  (d) Secured claims as hereinafter set forth:

| CREDITOR | SECURED VALUE | MONTHLY PMTS. | INTEREST RATE |
|---|---|---|---|
| Wells Fargo | mortgage arrears (full) | to be det. | 4.8 % |
| IRS | tax lien (full) | | |

The above valuation of secured value for governmental units or for any creditor not specifically listed in paragraph 3.2 of the plan may be subject to change in those instances where the secured creditor has not stipulated to the listed value. In the event that a governmental unit or secured creditor not listed in paragraph 3.2 files or has filed a timely proof of claim asserting a valuation greater than the listed amount, that higher value will control until such time as the court sustains an objection filed by the debtor or other party in interest. Except when required by 11 U.S.C. § 1325 (a)(4), no interest shall be paid on the unsecured portion of any secured claims; and no interest shall be paid on any other claim of the Debtor(s);

(e) Priority payments in full as allowed by the Court;

(f) The balance of funds not being retained for administrative expenses or used for payment of secured claims shall be accumulated and distributed to unsecured creditors;

(g) Unsecured creditors shall be paid 100% of their claims as claims are finally determined by the Court; and no claim shall be allowed unless the creditor shall file a proof of claim within 70 days after the later of the Order for Relief under Chapter 13 or the date of conversion from another Chapter to a case under Chapter 13; payment to unsecured creditors as allowed by the Court will be made in monthly installments of not less than $15.00.

(h) The plan makes no provision whatever for any payment to be made by the Chapter 13 Trustee on any claim that is docketed by the Clerk of the Bankruptcy Court subsequent to the deadline to file a proof of claim (the "bar date") and thereafter, on motion of the Chapter 13 Trustee, ordered by the Bankruptcy Court to be allowed only as a late-filed claim.

(i) Any Temporary reduction in, or suspension of, installment payments under this Plan, for a period not to exceed ten (10) weeks, may be granted upon application of the Debtor(s) without notice to creditors, as the Trustee deems proper.

(8) The Trustee shall not be liable for any disbursement made pursuant to this Order, or pursuant to any other Order of this Court, if this case is hereafter determined to have been dismissed pursuant to 11 USC Section 521(1).

(9) The Debtor(s) has rejected as burdensome the following executory contract(s):


Any claim timely and properly filed by a creditor arising from rejection of such executory contract(s) shall be allowed as if such claim has arisen before the date of the filing of the petition, subject to the right of the Debtor(s) or the Trustee to object to the amount of the claim. 11 U.S.C. Section 520(g).

(10) It shall be the continuing duty of the debtor(s) and his/her attorney to inform the Trustee of any change in income occurring at any time during the pendency of the plan, and also of any judicial award or settlement received in any lawsuit or proceeding and of any bequest or other windfall coming into the possession of the debtor(s) during such period of time. Upon receipt of such information, the trustee shall review the terms of the confirmed plan to be certain that such terms are still in conformity with the various provisions of Title 11 of the United States Code. Where appropriate, the Trustee shall move for "modification" of the Chapter 13 plan.

(11) Property of the estate vests in the Debtor(s), without abandonment, except as otherwise provided in paragraph 13 below.

(12) Notwithstanding any inconsistent provision of the payment Plan, the following terms and conditions shall apply.

A. The Debtor(s) shall make all post-petition mortgage payments directly to the mortgagee or its servicer except to the extent indicated in paragraph 13 of this Order or to the extent that such claim is to be paid in full through the Plan as provided elsewhere in this Order.

B. With regard to personal property, any request to determine the value of a secured claim shall be effective only upon one of the following three circumstances:

1) Upon approval of a valuation pursuant to paragraph 3.2 of the Plan;

2) In the event that the debtor and secured creditor enter into a stipulation that is duly docketed or is made a part of the record at the confirmation hearing; or

3) Upon the granting of a stand-alone motion pursuant to 11 U.S.C. § 506 that has been duly served as required under rule 7004 of the Federal Rules of Bankruptcy Procedure.

C. With regard to real property, any request to avoid or modify a lien pursuant to 11 U.S.C. § 506 or 11 U.S.C. § 522(f) shall be effective only upon the issuance of a separate order granting a stand-alone motion for such relief. Requests to avoid a lien under any other provision of the Bankruptcy Code shall become effective only upon the issuance of a separate order and/or judgment granted in an adversary proceeding under Rule 7001(2) of the Federal Rules of Bankruptcy Procedure.

D. The trustee shall be allowed such administrative expense as may be permitted under 28 U.S.C. § 586(e).

(13) The following additional provisions are hereby incorporated into the plan:

Dated: AUG 1 4 2018

BY THE COURT

_____
U.S.B.J.



# TRUSTEE'S REPORT OF 341 MEETING

BK No. 18-11116

I. Debtor(s) ___Thomas S. Davies_____

DBA (if any) _____

AKA (if any) _____

Attorney _____Christopher J. Tyrpak, Esq._____

II. Debtor Certifications:

Debtor(s) has stated under oath:

(1) All post-petition Domestic Support Obligations are paid ___NA___

(2) All applicable Federal, State and Local Tax returns have been filed as required by Section 1308 ___Yes___

III. Exemptions _____ NYS ___X___ Federal

IV. Plan:

A. <u>Summary</u>

Payments $ 3752 (↑ 4250) per month

Repayment to secured ___100___ %

Repayment to unsecured ___100___ %

Total Debt $ 190,241

Duration of plan ___5___ years

Classification of unsecured creditors:
Class 1 (co-signed loans at 100%) _____

_____

_____

Class 2 (student loans at ___ %) _____

_____

Class 3 _____

_____

Rejection of Executory Contracts _____

_____

Other _____

B. <u>Disposable Income</u>

   (1) <u>Above- Median Income</u>

      Current Monthly Income (CMI)         __13,200__

         Expenses per Sec. 707(b)(2)(A) & (B)  (-) __11371__

      Disposable Income                      __1829__

      Applicable Commitment Period       x   __60__

      Minimum Amount that must be paid
      To Unsecured Creditors                   __109,740__

   (2) <u>Below-Median Income</u>

      Current Monthly Income (CMI)          _____

      Schedule J Expenses and reasonable debt,
      Priority debt and arrearage debt       (-) _____

      Disposable Income                      _____

      Applicable Commitment Period       x   __36__

      Minimum Amount that must be paid
      To Unsecured Creditors                   _____

C. <u>Feasibilty</u>

    Actual Monthly Income     16,184

    Reasonable Expenses per Schedule J     6858

    Actual Monthly Excess     9326

    Monthly Payment Proposed     3752 → 4250

D. <u>Secured Claims</u>

| Name Creditor | Security Claimed | Perf. of Security | 341 valuation | Monthly Payment Under Plan |
|---|---|---|---|---|
| (16) Wells Fargo | (103,000) → 110,748 | • | mortgage arrears | |
| (10) Irs | (49,200) | • | tax lien | |

V.  Best Interest of Creditors Test

A.  All assets listed?     ✓ Yes     ___ No

B.  Assets

| **REAL PROPERTY** | **RESIDENCE** | **PARCEL 2** |
|---|---|---|
| Market Value | $ 468,462 | $ |
| Less 1st Mortgage | -$ 501,700 | -$ |
| Less 2nd Mortgage | -$ | -$ |
| Combined Residence Exemption (D&C 282- CPLR 5206 50,000/person) | $ 1.- | $ |
| Wild Card | $ | $ |
| Less non-avoidable judgment liens | -$ | -$ |
| Real property taxes | -$ | -$ |
| Cost of Sale | -$ | -$ |
| Non-exempt equity | $ 0 | $ |
| Total available for unsecured creditors Debtor 1 | $ 0 | |
| Debtor 2 | $ | |

**AUTOMOBILES**

|  | (1) | (2) |
|---|---|---|
| Description | N/A | _____ |
| Market Value: Retail | $_____ | $_____ |
| Damage | _____ | _____ |
| Mileage | _____ | _____ |
| Options | _____ | _____ |
| Less 5% | _____ | _____ |
| Total | $_____ | $_____ |
| Liens secured by vehicle | $_____ | $_____ |
| Exemption | $_____ | $_____ |
| Non-exempt equity | $_____ | $_____ |

|  | (3) | (4) |
|---|---|---|
| Description | _____ | _____ |
| Market Value Retail: | $_____ | $_____ |
| Damage | _____ | _____ |
| Mileage | _____ | _____ |
| Options | _____ | _____ |
| Less 5% | _____ | _____ |
| Total | $_____ | $_____ |
| Lien secured by vehicle | $_____ | $_____ |
| Exemption (D&C/2400/person) | $_____ | $_____ |
| Non-Exempt equity | $_____ | $_____ |

Total available for unsecured creditors   Debtor 1 $_____   Debtor 2 $_____

**PERSONAL PROPERTY**

Items of personal property:

    (a)  HHG _____ 11,600

    (b)  Firearms _____

    (c)  Other _____ misc  350 _____

Total Market Value $ _____ 11950

Aggregate Exemption -$ _____ 11600
(D&C 283 (1) CPLR 5205(a) $5000.00/person

Less non avoidable
security interests  -$ _____

Available for unsecured creditors  Debtor 1   $ 350

                                 Debtor 2   $ _____

**CASH AND ALL OTHER PROPERTY**

    Cash _____ ⎫
                                        ⎬ 70
    Bank accounts _____ ⎭

    Retirement accounts _____

    Legal causes of action _____

    Tax refunds _____

    Accounts receivable _____

    U.S. Bonds _____

    Stocks _____ Davies Agency, Inc - 50,000

Insurance Policies_____
(Less exemption per Insurance Law 166)

Total Market Value $____**50,070**_____

        Less Exemption
        (D&C 283(2))    -$_____

        Less non-avoidable
        security interests    -$_____

Available for unsecured creditors  Debtor 1 $ __**50,070**__

                                    Debtor 2 $_____

**C.    SUMMARY OF CHAPTER 7 TEST**

1.    Total of non-exempt equity in:

|  | Debtor 1 | Debtor 2 |
|---|---|---|
| Real Property | $ 0 |  |
| Automobiles | 0 |  |
| Personal Property | 350 |  |
| Cash & all other property | 50,070 |  |
| Totals: | $ 50,420 |  |

2.    Less outstanding priority federal
       and/or state tax                     Debtor 1 $ **47,200**    Debtor 2 $_____

3.    Wild Cards                            Debtor 1 $ **13,100**    Debtor 2 $_____

4.    Total available in a Chapter 7
       liquidation                                                           **0**

5.    Total to be distributed to unsecured non-priority creditors
       under plan                                                $ **100**

-8-

VI. The Trustee is satisfied that the Plan was proposed in good faith with intent to comply
    with the law: __✓__YES _____NO, for the following reasons:

_____

_____


VII.    Objections to Confirmation:


VIII.    Other comments:


IX.    The Trustee recommends confirmation of the Plan:

        __✓__YES

        _____NO, for the following reasons:

_____

_____

_____


DATED: __8·7·18__        TRUSTEE <u>ALBERT J. MOGAVERO</u>

CERTIFICATE OF SERVICE BY MAIL
OF /\_/\_ CLERK
COPIES OF THIS/ Order Confirming
WERE PERSONALLY MAILED BY ME
ON   8/8/2018
TO:
UNDER PENALTY OF PERJURY, I DECLARE
THAT THE FOREGOING IS TRUE & CORRECT
Trustee
Debtor
Debtor's Atty